TOWNSHIP OF ITHACA v. BRADER.

TOWNSHIPS—PUBLIC FUNDS—TREASURERS—PRINCIPAL AND SURETY. In action by township against township treasurer and surety on her bond to recover amount of loss sustained through failure of national bank on November 27, 1931, which had not furnished a depository bond, plaintiff *held*, entitled to recover from surety notwithstanding no demand was made upon it until April 5, 1933, after 47½ per cent. of claim had been paid in dividends, where there is no evidence that township treasurer or township could have established a preferred claim against receiver and plaintiff has done nothing to release surety.

Appeal from Gratiot; Searl (Kelly S.), J. Submitted June 4, 1935. (Docket No. 23, Calendar No. 38,383.) Decided September 9, 1935.

Assumpsit by Township of Ithaca against Nora Brader and Maryland Casualty Company, a foreign

corporation, on a township treasurer's surety bond. Judgment for plaintiff.   Defendant Maryland Casualty Company appeals.   Affirmed.

*Robert L. Arnold,* for plaintiff.

*Mason, Alexander & McCaslin, Stevens T. Mason* and *Walter A. Mansfield,* for defendant Maryland Casualty Co.

POTTER, C. J.   Plaintiff, the township of Ithaca, is a municipal corporation.   Nora Brader, defendant, was the township treasurer of the township of Ithaca, and the Maryland Casualty Company the surety upon her official bond.   The Ithaca National Bank was a national banking corporation engaged in the banking business at Ithaca, Michigan.   The bond of the Maryland Casualty Company was in the penal sum of $5,000, and provided:

"The condition of the above obligation is such that if the above named Nora Brader shall faithfully discharge the duties of his (her) office as township treasurer of the township of Ithaca in the county aforesaid, and shall faithfully and truly account for and pay over according to law all moneys which shall come into his (her) hands as such treasurer then the said obligation to be void, otherwise to remain in full force and effect."

Defendant Brader's term as township treasurer began April 8, 1931, and ended April 8, 1932.   She deposited money in the Ithaca National Bank as "Nora Brader, treasurer of the township of Ithaca."

The bank closed its doors November 27, 1931.   A balance in the account of Nora Brader, township treasurer of the township of Ithaca, was the sum of $3,933.84.   Defendant Nora Brader filed claim with

the receiver of the bank, and received a dividend of 37½ per cent., amounting to $1,475.19, and another of 10 per cent., amounting to $393.38. No claim was filed against the defendant Maryland Casualty Company by plaintiff until April 5, 1933. No claim was filed by the township against the defendant Maryland Casualty Company until after claim had been filed by defendant Brader against the receiver of the bank. At the time the bank closed, it had on hand in actual cash $12,571.03, and outstanding in correspondent banks $21,164.72, a total of $33,735.75.

Plaintiff recovered judgment in the sum of $2,188.61, and defendant Maryland Casualty Company appeals, claiming it has been released from liability because the plaintiff did not file a petition for reclamation or to establish a preferred claim in the receivership proceedings against the Ithaca National Bank; and that such bank, having given no depository bond or other protection to the defendant Brader, it received the money of the township in violation of law and became a trustee *ex maleficio,* and consequently did not acquire the funds of the defendant Brader in such a manner as to create the usual debtor and creditor relationship as might have been created had the bank given a depository bond to secure the repayment of the money; that the bank could not spend the money deposited without the giving of security, nor invest the money or make any other disposition thereof; that it could only hold the money as trustee until demand made upon it, and that it was its duty to return the same intact; that because the bank had upwards of $33,000 on deposit in actual cash at the time it closed and on deposit in correspondent banks, and the claim of plaintiff amounted to only $3,933.84, the money of plaintiff might have been reclaimed, or a preferred claim presented and recovered, and that plaintiff, having neglected to pre-

sent a preferred claim, defendant surety company's rights have been prejudiced and it is discharged from liability; that defendant surety company's rights of subrogation have been impaired by the failure of the plaintiff to notify it seasonably of the claim to be made against it; that had it been notified seasonably, the defendant surety company might have brought reclamation proceedings, or presented a preferred claim, and been fully protected; that the action of the township treasurer of the township of Ithaca in filing a claim as a common creditor as against the receiver of the bank is inconsistent with and repugnant to the present proceeding against defendant surety company, surety upon the defendant Brader's bond, and that the defendant Brader, as township treasurer, exercised reasonable care and caution and did everything she could do under the circumstances to protect the plaintiff's rights; and that defendant surety company's liability is not an absolute one, and consequently it is discharged from liability.

The defendant Maryland Casualty Company was a compensated surety on the township treasurer's bond given by the treasurer to the township in accordance with the statute. The township itself is plaintiff in this suit. Though the township treasurer presented a claim against the bank, plaintiff did not present a claim against the bank. It did nothing to prejudice the rights of the surety on the township treasurer's bond given to it. Had plaintiff done anything to prejudice the rights of the surety, it might have discharged the liability of the surety on the bond. The indemnitee did not assume to relinquish its rights without the consent of the indemnitor. It has done nothing to release the surety from liability on the township treasurer's bond. It has at all times insisted upon its rights as indemnitee in the bond of the township treasurer. There is no proof that either

the township treasurer or the township itself could have established a preferred claim against the receiver of the Ithaca National Bank, a corporation organized under the national banking act.

Judgment of the trial court is affirmed, with costs.

NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.